SMITH, J., Circuit Judge,
dissenting,
joined by McKEE, Chief Judge, AMBRO, FUENTES, and GREENAWAY, JR., Circuit Judges.
I join Judge Greenaway’s eloquent dissent in its entirety. There is little that can be added to Judge Greenaway’s devastating critique. I write here only to expand on a worrisome facet of the majority’s reasoning. Because Knotts[1] and Karo[2] are factually distinguishable and did not hold that the specific conduct engaged in here by government agents was permissible, 1.e., attaching a GPS device to Harry Kat-zin’s van, the majority is required to hold *197 that the officers’ conduct was consistent with the “rationale underpinning” those decisions. References to Supreme Court “rationale” are liberally sprinkled throughout the opinion. See Majority op. at 173, 175, 175, 176, 179, 182, 183. If what the majority is suggesting is that law enforcement officers may rely not just on holdings, which are truly the stuff of precedent, but also on appellate court rationale, I find such a suggestion both troubling and impractical. What is the limiting principle to be applied to these extrapolations? And just what legal hermeneutic will lay police officers be applying as they engage in such on-the-spot analysis of the real-life cases they confront? I can discern no ready answer to these questions.
I do see, however, considerable tension between an approach that permits law enforcement officers who invoke the good faith exception to take refuge in the rationale of certain Supreme Court cases, and the limiting language which the Supreme Court itself chose to employ in Davis which referred to binding precedent “specifically authoriz[ing]” a particular police practice. Davis v. United States, — U.S. -, 131 S.Ct. 2419, 2429, 180 L.Ed.2d 285 (2011). The majority’s legal framework eliminates the objectively reasonable source underpinning the good faith exception: authorization from a neutral magistrate or binding judicial precedent. Id. at 2428. The law enforcement officers’ choice to commandeer the task of Fourth Amendment legal analysis in the face of patent ambiguity surely falls within the sort of “deliberate, reckless, or grossly negligent” conduct that provides a strong “deterrent value of exclusion” that may “outweigh the resulting costs.” Id. at 2427 (quoting Herring v. United States, 555 U.S. 135, 144, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009)) (internal quotation marks omitted). By not cabining to the judiciary the analysis of ambiguous and, in this case, conflicting case law, the majority turns the warrant requirement on its head.
For this reason, and for those so ably expressed by Judge Greenaway, I respectfully dissent.

. See United States v. Knotts, 460 U.S. 276, 103 S.Ct. 1081, 75 L.Ed.2d 55 (1983).

. See United States v. Karo, 468 U.S. 705, 104 S.Ct. 3296, 82 L.Ed.2d 530 (1984).